

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| RAY COLLINS, JR. | CR 99-40127 |
| Movant, | ORDER |
| -vs- |  |
| UNITED STATES OF AMERICA, |  |
| Respondent. |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ray Collins, Jr. has filed what he has characterized as a motion under Fed.R.Civ.P. 60(b) based on fraud presented to the Court 60(b)(3)(6). The Government filed a brief in response to Collins' motion, and Collins filed a reply to the Government's response. For the reasons set forth below, the motion for relief under Rule 60(b) will be denied.

### Background

Collins was indicted for conspiracy to possess with intent to distribute a controlled substance (Count 1), possession with intent to distribute (Count 2), and aiding and abetting possession with intent to distribute (Count 3) on September 15, 1999.

On March 20, 2000, a jury trial commenced before this Court, and on March 24, 2000, the jury returned its verdicts. Collins was convicted on Counts 1 and 3 and acquitted on Count 2. On June 29, 2000, Collins was sentenced to concurrent terms of imprisonment of 360 and 60 months.

1

He appealed and the Eighth Circuit affirmed the judgment and sentence in an unpublished opinion on June 22, 2001. *See United States v. Collins,* 2001 WL 699867 (8th Cir. 2001) (per curiam). Collins petitioned the United States Supreme Court for certiorari, which was denied on May 28, 2002. *See Collins v. United States,* 535 U.S. 1099 (2002).

Collins filed a petition for relief under 28 U.S.C. § 2255, on November 1, 2002. On July 30, 2004, Collins moved to amend his § 2255. His motion was granted and held in abeyance pending the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220 (2005). Subsequently, the Eighth Circuit ruled that *Booker* does not apply retroactively to criminal convictions, and this Court ultimately denied the motion on March 31, 2006. The Court also found that a certificate of appealability would not be issued on any of the claims raised by Collins in his § 2255 motion.

On May 1, 2006, Collins filed a notice of appeal. The Eighth Circuit Court of Appeals, treating the notice as a request for the issuance of a certificate of appealability, dismissed the appeal and denied the request on September 14, 2006. Collins filed a request for rehearing and later asked for an extension of time to file his supporting petition. The Court ultimately denied the petition for rehearing on January 26, 2007.

Collins filed a petition with the Eighth Circuit Court of Appeals seeking leave to proceed and permission to file a successive motion under 28 U.S.C. § 2255. He proposed a motion to the Court making claims under § 2255, requesting resentencing under 18 U.S.C §§ 3582(c) and 3553(b), and under Fed.R.Civ.P. 60(b). The Court of Appeals denied this request on March 26, 2008.

Collins also filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). After counsel was appointed to represent Collins, the motion was withdrawn in May 2008.

Collins filed the present motion under Fed.R.Civ.P. 60(b)(3) on November 17, 2008. In this motion, Collins sets forth two claims: (1) that he was prejudiced by the introduction of false evidence regarding a phone call that was received after the final courier arrived in Sioux Falls; (2) that he was prejudiced by false testimony regarding drug transactions which took place when the individual, who later became a cooperating witness, was in custody at the time. Collins argues that he was deprived of due process and his constitutional rights based on the fraudulent actions of both the government and defense counsel, specifically the presentation of false evidence to the Court.

The Government filed a response to Collins' motion on December 15, 2008. The

Government argues that Collins' two claims have been previously adjudicated in other filings dismissed by this Court and are procedurally barred. Additionally, the Government asserts that Collins' claims cannot be considered as a second or successive motion under § 2255 because he has not obtained the requisite permission from the Court of Appeals.

## Discussion

Fed.R.Civ.P. 60(b)(3) allows a party to seek relief from a final judgment and request reopening of his case due to "fraud..., misrepresentation, or misconduct by an opposing party." However, inmates may not bypass the authorization requirement for filing a second or successive motion under 28 U.S.C. § 2255 "by purporting to invoke some other procedure." *United States v. Lambros,* 404 F.3d 1034, 1036 (8th Cir. 2005) (quoting *United States v. Patton,* 309 F.3d 1093 (9th Cir. 2002). The certificate of permission from the Court of Appeals "may not be circumvented through creative pleading" and is necessary to appeal the denial of any motion that "effectively or ultimately seeks habeas corpus or § 2255 relief." *Id.*

The Eighth Circuit Court of Appeals has encouraged district courts to conduct an inquiry into whether a purported Rule 60(b) motion following the dismissal of a habeas petition is actually a second or successive collateral attack under either 28 U.S.C. § 2254 or § 2255. *Boyd v. United States,* 304 F.3d 813 (2002). If the court determines the Rule 60(b) motion is a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals, or in its discretion transfer the purported Rule 60(b) motion to the Court of Appeals. *Id.* The petitioner may then either appeal the dismissal of the motion or, if transferred by the district court, await the action of the Court of Appeals. *Id.*

The Court finds that Collins' Rule 60(b) motion must be construed as a petition under § 2255. He is attempting to file successive motions for post-conviction relief, reasserting substantive challenges to his conviction and raising claims that have already been raised and decided against him in previous post-conviction filings.

Collins argues that under the Supreme Court's decision in *Gonzalez v. Crosby,* 545 U.S. 524, 529 (2005), his "true" Rule 60(b)(3) motion should not be treated as a second motion under § 2255. In *Gonzalez,* the Supreme Court held that a state prisoner's Rule 60(b) motion was not the functional

equivalent of a successive habeas petition because it did not substantively address federal grounds for setting aside the movant's state conviction. Collins' reliance on *Gonzalez* is mistaken, however, as the Court explicitly limited its holding to § 2254 habeas cases. *Id.* at 530 n. 3.

Even if, for the sake of argument, *Gonzalez* can be applied to Rule 60(b) motions brought by federal prisoners, Collins motion must still be treated as a second petition under § 2255. The *Gonzalez* Court stated that a motion for post-judgment relief under Rule 60(b) that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*" must be construed as a second or successive habeas petition. *Id.* at 532. The Court noted that "an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 532 n. 5. Unlike the petitioner in *Gonzalez,* Collins' motion is seeking substantive relief, raising claims previously adjudicated in other filings and attacking the merits of his federal conviction.

Collins Rule 60(b) motion is the functional equivalent of a second or successive habeas petition under § 2255. Having failed to obtain the requisite certificate of appealability from the Court of Appeals, his motion must be denied.

## Conclusion

Based upon the foregoing discussion, it is the conclusion of the Court that Collins' motion for relief under Rule 60(b) is denied for failure to obtain permission from the Court of Appeals. Accordingly,

IT IS ORDERED:

that the Motion under Federal Rules of Civil Procedure Rule 60(b) based on Fraud Presented to the Court 60(b)(3)(6) is DENIED.

Dated this 16th day of February, 2010.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                    DEPUTY

   (SEAL)