FILED
DEC 17 2012
[clerk signature]

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 99-40127 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER DENYING MOTION |
| RAY COLLINS, JR., | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Ray Collins, Jr. filed a pro se motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), doc. 259. The government responded, doc. 261, and Defendant has replied, doc. 262. For the following reasons, the motion for a reduced sentence will be denied.

Defendant was sentenced by this Court on June 29, 2000, after a jury found him guilty of conspiracy to possess with intent to distribute a controlled substance ("crack" cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 846, and aiding and abetting the possession with intent to distribute a controlled substance in violation of 18 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The amount of crack attributed to Defendant resulted in a base offense level of 38.[1] After adding three levels for his role in the offense, Defendant's adjusted offense level was 41. The Court concluded that criminal history category III overstates the seriousness of Defendant's past criminal conduct, and ruled that a departure to criminal history category II was appropriate. At level 41, with a criminal history category of II, Defendant's advisory guideline range was 360 months to life. The Court sentenced Defendant to 360 months imprisonment with 5 years of supervised release to follow.

---

[1] The presentence report at paragraph 20 attributes 15.0667 kilograms of crack cocaine to Defendant, and the Court adopted that amount. (*See* Doc. 177, Judgment at p. 6.)

On August 3, 2010, the Fair Sentencing Act ("FSA") was enacted, raising the amount of cocaine base required for imposition of a mandatory minimum sentence. *See* Pub.L. No. 111-220, 124 Stat. 2372 (2010). The United States Supreme Court has held that the more lenient penalties of the FSA apply to those offenders whose crimes occurred before the effective date of the FSA, but who were sentenced after that date. *Dorsey v. United States*, 132 S.Ct. 2321 (2012). The FSA took effect on August 3, 2010. Defendant was sentenced on June 29, 2000. The FSA does not apply to him. The Sentencing Commission, however, amended the Sentencing Guidelines in order to implement the FSA, and the Commission voted to give retroactive effect to the new Guidelines which became effective on November 1, 2011. Since that date, the Court has been considering motions for sentence reductions pursuant to 18 U.S.C. § 3582(c) based on the crack cocaine guideline amendments ("Amendments").

Sentence reductions are permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is USSG § 1B1.10, which designates the amendments to the Sentencing Guidelines which may be applied retroactively. Section 1B1.10 provides, in relevant part, that:

> (a) Authority.—
>
> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
> ....

USSG § 1B1.10(a).

2

Because the crack cocaine Guideline amendments may be applied retroactively, *see* USSG § 1B1.10(c), if the sentencing range for Defendant's offense has been lowered by the amendments, the Court has discretion under § 3582(c)(2) to reduce Defendant's sentence, after first considering whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Applying the amended Guidelines in the present case, the offense level specified under USSG § 2D1.1(c)(1) sets a base offense level of 38 for the drug amounts attributed to Defendant.[2] After a three-level increase for his role in the offense, his total offense level is 41. With a criminal history category of II, the resulting advisory guideline range is 360 months to life. This is the same range that this Court used to sentence Defendant in 2000.[3] Thus Defendant is not entitled to a sentence reduction because his guideline range is not lowered by the Amendments. Accordingly,

IT IS ORDERED that Defendant Ray Collins' motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), doc. 259, is denied.

---

[2]At the time Defendant was sentenced, § 2D1.1 assigned offense level 38 to any quantity of crack cocaine of 1.5 kilograms or more. The latest amendment applies level 38 to any quantity of 8.4 kilograms or more. Thus level 38 applies to Defendant's drug amount of 15.0667 kilograms of crack cocaine under both the old and revised guidelines.

[3]When the Court sentenced Mr. Collins in 2000, the sentencing guidelines were considered to be mandatory. The subsequent determination in *United States v. Booker*, 543 U.S. 220 (2005), that the Federal Sentencing Guidelines were advisory and not mandatory was, however, determined to not be retroactive. *See Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir.2005). This Court sentenced not only Mr. Collins, but others involved with these drug dealings. At the time of sentencing this Court indicated that although Mr. Collins should receive a substantial sentence, the 360 months that was the minimum he could receive under the Federal Sentencing Guidelines was an excessive sentence. The Court's position has not changed, but the Court has no authority to grant any relief to Mr. Collins.

Dated this 17th day of December, 2012.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY